THE CITY OF ROCHESTER, Respondent, *v.* ROCHESTER RAILWAY COMPANY, Appellant, Impleaded with Another.

1. TAX — ROCHESTER (CITY OF) — WHEN CITY, IN ACTION TO FORE-CLOSE TAX LIEN FOR CERTAIN TAX, CANNOT RECOVER DEFICIENCY JUDGMENT FOR OTHER UNPAID TAXES ON SAME PROPERTY. In an action brought by the city of Rochester, under its charter (L. 1861, ch. 143, as amd. by L. 1880, ch. 14, and L. 1897, ch. 784), to foreclose the equity of redemption in certain premises upon which a tax had been regularly assessed and the property duly sold for the non-payment of such tax, the city cannot, under an allegation in its complaint setting forth a general description of other taxes due from the taxpayer whose property was so sold, recover a deficiency judgment for the aggregate amount of such unpaid taxes, with interest, where there is no allegation that any steps had been taken to collect the same, and the charter contains, among its provisions for the sale of property for taxes and the redemption thereof, no provision which authorizes a judgment for a deficiency for uncollected taxes, where no steps have been taken, under the provisions of the charter, for the collection thereof.

2. SAME — FAILURE TO COMPLY WITH CHARTER PROVISIONS FOR COL-LECTION OF TAXES — WHEN SUCH FAILURE NOT CURED BY STATUTE (L. 1903, CH. 522) AND JUDGMENT FOR DEFICIENCY AUTHORIZED THEREBY. The city is not relieved from the necessity of complying with the provi-

sions of its charter regulating the collection of taxes, as a condition prece-
dent for a deficiency judgment for such unpaid taxes, by the curative
statute relating to the collection of taxes (L. 1903, ch. 522), which pro-
vides, in substance, that all taxes heretofore spread upon the assessment
rolls of such city may be collected either by action or by supplementary
proceedings, or by foreclosure of tax liens, and that such remedies shall
be in addition to the other methods provided in the charter for the col-
lection of taxes, and not dependent upon them, or any of them, since such
curative act, as heretofore construed and limited, does not authorize the
foreclosure of all tax liens without compliance with the provisions of the
charter, but merely validates certain taxes void for specified omissions in
the method of assessing and levying the same, notwithstanding such omis-
sions, and authorizes the foreclosure of such taxes upon that changed
condition of affairs.

*City of Rochester* v. *Rochester Ry. Co.*, 109 App. Div. 638, modified.

(Argued December 5, 1906; decided January 15, 1907.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
December 14, 1905, affirming a judgment in favor of plaintiff
entered upon a decision of the court on trial at an Equity
Term.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*P. M. French* for appellant. The general city taxes are
not debts; they are not founded on contract, and the city
being afforded by its charter a complete system for assess-
ment, levy and collection of taxes, is confined to that system.
It can maintain no action at law to recover of the taxpayer
the amount of the general city tax. The remedy provided by
the charter is exclusive. (Cooley on Taxation [2d ed.], 16;
*City of N. Y.* v. *McLean,* 170 N. Y. 387; *City of Rochester*
v. *Bloss,* 185 N. Y. 42.) After the amount of a local assess-
ment has been added to the general city tax no action for its
collection will lie. The remedy provided by the charter is
exclusive. (L. 1897, ch. 784, § 209; *Matter of Fayerweather,*
143 N. Y. 114; *People* v. *Miller,* 177 N. Y. 51; *Matter of
Wolfe,* 89 App. Div. 349; 179 N. Y. 599; *City of Rochester*
v. *F. W. Assn.,* 183 N. Y. 30; *City of Rochester* v. *Bloss,*

185 N. Y. 42.) The power of the court to give a judgment for deficiency, if it exists at all, is confined to the tax which has become a "tax lien" by reason of service of notice to redeem and of the record of the mayor's certificate in the county clerk's office ; that is, in this case to the tax for the year 1897. (*City of Rochester* v. *F. W. Assn.,* 183 N. Y. 23.) After a sale by the city treasurer to the city and the issuing and recording of the mayor's certificate under section 104, the title is certainly changed from the former owner and becomes vested absolutely in the city. The only remedy then remaining amounts to a strict foreclosure. (*Matter of Elsner,* 86 App. Div. 207; *Whitney* v. *Thomas,* 23 N. Y. 281; *Cottle* v. *Carey,* 73 App. Div. 54; 173 N. Y. 624; *Sanders* v. *Downs,* 141 N. Y. 422; *Moulton* v. *Cornish,* 138 N. Y. 133; Thomas on Mortgages [2d ed.], 1077; 3 Pom. Eq. Juris. § 1227.)

*W. W. Webb, Corporation Counsel* (*B. B. Cunningham* of counsel), for respondent. This action was properly brought to foreclose the lien of the tax for the year 1897. (*City of Rochester* v. *F. W. Assn.,* 183 N. Y. 23.) The only defense interposed upon the trial of this action and raised in the Appellate Division was that the city had no right, after it had sold the premises in question for taxes, to levy further taxes against appellant as the owner of said premises. It is well settled that a tax sale does not cut off the owner's right to redeem and that, therefore, taxes should be levied against him until his interest in the land is absolutely cut off. (*Clementi* v. *Jackson,* 92 N. Y. 591; *Finnegan* v. *Mayor,* 4 App. Div. 15; *People ex rel. Atkins* v. *City of Buffalo,* 63 App. Div. 563; *Armstrong* v. *County of Nassau,* 101 App. Div. 116.) The city of Rochester at the time judgment was rendered in this action was authorized by statute to collect by action all taxes previously levied, and a court of equity will always grant the relief to which the plaintiff is entitled at the time of the trial of the action. (*City of Rochester* v. *Bloss,* 185 N. Y. 42; L. 1880, ch. 14, § 206; *Matter of Elsner,* 86

App. Div. 207; *Butts* v. *City of Rochester*, 1 Hun, 598; *McLean* v. *Myers*, 134 N. Y. 480; *M. A. B. Church* v. *O. S. B. Church*, 73 N. Y. 82; *Sammons* v. *City of Gloversville*, 175 N. Y. 346; *Dammert* v. *Osborn*, 140 N. Y. 30; *Kilburn* v. *Bd. of Supers.*, 137 N. Y. 170; *Warnier* v. *Boessneck*, 5 App. Div. 240.)

EDWARD T. BARTLETT, J.   This action is brought to foreclose the equity of redemption of defendant railway company in a certain lot of land sold by plaintiff, the City of Rochester, on a tax sale by the city treasurer, the municipality having bid in the property.

In the year 1897 a tax for general city purposes, amounting to $2.78, was assessed upon the property in question. This appeal involves the construction of certain provisions of the old charter of the city of Rochester read in connection with the so-called curative statute relating to taxes in said city. (Laws of 1903, Chap. 522.)

The complaint sets forth in detail compliance with the statutory requirements permitting a foreclosure of the equity of redemption remaining in the defendant after the sale in the proceedings to collect the tax of 1897. The defendant admits the regularity of the proceedings and the resulting judgment so far as the tax of 1897 is concerned.

The question presented by this appeal arises over the following allegation of the complaint: "That in addition to the tax for which the said premises were sold to the plaintiff, there are now due to the plaintiff on the said premises taxes as follows: General city tax, 1902, $39.50; 1901, $40.38; 1900, $115.78; 1899, $108.70; 1898, $2.89; 1896, $2.89; balance on Thrush street asphalt assessment, $239.64; together with interest thereon as provided by law."

It will be observed that the only allegation respecting these taxes is that " there are now due to the plaintiff on the said premises," the taxes as stated.

No witnesses were sworn at the trial; both parties introduced various papers from the official files; judgment was

thereupon entered in the usual form foreclosing the equity of redemption as to tax of 1897, after which it was provided as follows : " That he (the owner) pay to the plaintiff the sum of $731.47, the amount due to the plaintiff upon the tax liens mentioned and described in the complaint herein, take a receipt therefor and file his report of sale ; that the treasurer of the City of Rochester apply the money so received upon the city tax in the inverse order of the levy and assessment thereof."

We thus have presented the single question whether the city, in foreclosing the equity of redemption in premises upon which a tax has been regularly assessed and the property duly sold can set forth in the same complaint a general description of certain taxes due the city from the taxpayer whose property was so sold and recover a judgment for the deficiency for the aggregate amount of said taxes, with interest.

It is unnecessary to examine in detail the provisions of the old charter, which must be observed in order to permit, ultimately, a sale where the city acquires title and afterwards forecloses the equity of redemption. It is neither alleged nor argued in respect to the taxes represented in the deficiency judgment that any steps have been taken to collect the same.

It is urged that the curative act of 1903 (*supra*), when construed with the provisions of the old charter, authorizes the judgment for the deficiency. Sections 94 to 104 of the old charter contain, substantially, the provisions which result in a sale and foreclosure of the equity of redemption. Sections 94 to 99, both inclusive, contain the provisions for the sale of the property, which need not be examined at this time. Under sections 100 and 101 the owner or claimant of the premises sold is allowed two years following the sale to redeem the same within thirty days after due notice served. Section 104 provides, in substance, that if the premises are redeemed within the time specified, a certificate of the fact shall be filed releasing the same. If, however, more than thirty days elapse and the premises have not been redeemed, the mayor of the city is required to execute a certificate of the fact of

the sale having been made, and the lands struck off to the city, and that the same have not been redeemed, which certificate shall be acknowledged as deeds to be entitled to be recorded, and shall be recorded in the Monroe county clerk's office.   The city thereupon acquires an absolute title to the premises in fee.   At any time after said certificate is executed, the equity of redemption of all persons having any lien or interest in the premises may be foreclosed by an action to be brought by the city in the Supreme Court, County Court of Monroe county, or the Municipal Court of the city of Rochester, and the proceedings to be had are to be conducted as nearly as may be as on the foreclosure of real estate mortgages, and judgment of strict foreclosure or foreclosure and sale may be had therein as the court may direct.

It is clear that there are no provisions in this scheme of sale and redemption of the property which authorizes a judgment for the deficiency for uncollected taxes concerning which no steps have been taken under the above provisions of the charter.

It is urged, however, that the provisions of the curative act (*supra*) permit such a recovery.   Section three of said act provides as follows: " All taxes heretofore spread upon the assessment rolls of the various wards in the city of Rochester, may be collected by the corporation counsel, either by action, or by supplementary proceedings, or by foreclosure of tax liens, without regard to the date when the said taxes were so spread, and the Statute of Limitations cannot be interposed as a defense thereto.   The remedies herein provided shall be in addition to the other methods provided in the charter of the city of Rochester for the collection of taxes in the said city of Rochester, and not dependent upon them, or any of them.   No certificate of the mayor of the said city of Rochester, made by said mayor under section 104 of the charter of said city, of failure to redeem lands sold for taxes, now or hereafter recorded in the office of the county clerk of Monroe county, shall be discharged until all city taxes which are a lien upon the premises described in said certificate, shall have been

paid.   Notice to redeem from sale for taxes, may be served at any time after the expiration of two years from the date of said sale.   Upon the foreclosure of tax liens in actions brought in the Supreme and County Courts, all taxes due the city of Rochester may be included in the action of foreclosure and be satisfied from the proceeds of sale of the premises.   Where several lots or parcels of land are owned by the same person or persons, distinct tax liens upon the separate lots and parcels of land so owned may, at the option of the city of Rochester, be foreclosed in one action, and actions now pending may be consolidated, in the discretion of the court, upon such facts being shown."

The curative act was construed by this court in *City of Rochester* v. *Fourteenth Ward Co-op. B. L. Association* (183 N. Y. 23).   The object of that action was to foreclose a tax lien upon lands in the city of Rochester pursuant to the provisions of the charter and certain special acts relating to that city.   In that case there had been a failure to serve a notice to redeem upon the owner.   It was argued on behalf of the city of Rochester, appellant, that the service of such a notice was unnecessary in view of the provisions of the curative act. Judge Vann, writing for the court said (p. 29): "It is contended in behalf of the city, although the action was not brought on that theory, that the object of this curative act was not only to correct all irregularities and omissions in the assessment of taxes and in the proceedings to collect the same, but to provide new remedies for the collection of taxes wholly independent of the methods provided by the charter.   It is claimed that neither a sale by the city treasurer need be made, nor any notice to redeem given, in order to foreclose a tax lien.   It may be that the statute admits of this construction, but before we conclude that the Legislature intended to provide such a harsh and oppressive remedy we should study the act with diligence to see whether another construction, less severe upon the owner and equally effective, is not reasonable and practicable."

The opinion then argues at length this question of con-

struction, and continues (p. 31) as follows: "The learned counsel for the appellant, in order to justify the construction he contends for, relies especially upon the following sentence, which appears in the curative act almost in direct connection with the provision relating to the service of a notice to redeem: 'The remedies herein provided shall be in addition to the other methods provided in the charter of the city of Rochester for the collection of taxes in the said city of Rochester, and not dependent upon them, or any of them.' This seems plain when read by itself, but it is not plain when read in connection with the old charter. The remedy of foreclosure was not an additional remedy, because it had already been provided. The foreclosure authorized by the old charter, however, depended upon what had actually been done by the mayor, treasurer and other officers of the city when their acts were effectual to the validity of the tax."

After further discussion the opinion states (p. 32) as follows: "We are also of the opinion that the 'foreclosure of tax liens' authorized by the curative act means the liens created by the record of the list of lands sold in the county clerk's office, and not the liens created by the levying of the tax by the common council. When the lien becomes a matter of record in the office which contains a history of all titles in the county it is dignified in the statute by the name of a tax lien, which may be foreclosed in a court of record the same as a mortgage lien when a mortgage is recorded in that office. It is, however, argued that according to the curative act an action at law may be commenced to recover the amount of the taxes as soon as it becomes due, without any sale by the treasurer, and that this remedy is nearly as severe as an action of foreclosure. If this is so, and we are not now required to pass upon the question, it does not follow that the legislature intended to give two drastic remedies, each involving an imposition upon the taxpayer of costs out of all proportion to the amount of the taxes, instead of one. We have reached the conclusions announced not without hesitation, for whatever construction is adopted serious difficulties are encoun-

tered.   The real meaning of the legislature is not clear, but all doubts as to the construction of a taxing statute are to be resolved in favor of the taxpayer, and we resolve those doubts in this case by affirming the judgment appealed from with costs."

This decision is controlling; indeed, the facts now presented are much less favorable to the city than in the case cited, for it is not alleged in the complaint that any steps had been taken to collect the taxes represented in the deficiency judgment.

We are not required to pass upon other, and possibly difficult questions, presented by the involved provisions of the curative act and now urged upon our attention.

It, therefore, follows that so much of the judgment entered in this action as forecloses the equity of redemption under the sale in proceedings relating to the taxes of 1897, with interest and notice, amounting at the time of the decree to $6.33, and costs, is regular; but the provision in the judgment that the owner pay to the plaintiff the sum of $731.47, the amount due to the plaintiff under the tax liens mentioned and described in the findings, should be reduced to the sum of $6.33, the amount due on the tax sought to be foreclosed, and a deficiency judgment should be awarded only for said sum, together with interest, costs and allowances, and the judgment as so modified is affirmed, without costs to either party in this court.

CHASE, J. (dissenting).   I dissent and briefly state my reasons therefor.   In the case of *City of Rochester* v. *Fourteenth Ward Co-op. B. L. Assn.* (183 N. Y. 23) the plaintiff wholly failed to sustain any cause of action.   In the case now before us it is conceded that the action was properly brought.

The defendant admits the regularity of the proceedings and the resulting judgment so far as the tax of 1897 is concerned.   The curative act, chapter 522 of the Laws of 1903 in section 3, provides: "Upon the foreclosure of tax liens in actions brought in the Supreme and County courts, *all taxes due the City of Rochester may be included in the action of*

*foreclosure and be satisfied from the proceeds of the sale of the premises.*"

Under this provision of the statute the taxes subsequent to 1897 were properly set forth in the complaint, that the amount thereof might be determined in the action and paid from the proceeds of sale. If the property had sold for a sufficient amount to pay the taxes due the city of Rochester they could by the express terms of the statute have been satisfied from such proceeds of sale.

The curative act also provides for the collection of all taxes by action and the charter, section 104, chapter 14, Laws of 1880, provides, " That in an action to foreclose a tax lien the same proceedings shall be had as nearly as may be on the foreclosure of mortgages."

Equity, having acquired jurisdiction of the parties and of the subject-matter of the action, should retain it for all purposes, and render judgment in the action for deficiency as in an action to foreclose a mortgage.

The judgment should be affirmed, with costs.

Cullen, Ch. J., O'Brien, Haight, Vann and Willard Bartlett, JJ., concur, with Edward T. Bartlett, J. Chase, J., reads dissenting opinion.

Judgment accordingly.